OLIVER E. RIDER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 25496.)

OTIS S. RHYNDERS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 25497.)

Court of Claims, September 24, 1941.

*Elijah T. Russell*, for the claimants.

---

\* Affd., 263 App. Div. 1022.

*John J. Bennett, Jr.*, Attorney-General [*Jacob S. Honigsbaum*, Assistant Attorney-General, of counsel], for the defendant.

DYE, J. These are claims for damages to real property alleged to have been caused by the negligence of the State of New York in constructing a storm water sewer connection. In 1928 the State reconstructed United States Highway Route No. 9. This highway passed through the village of Red Hook, in and along South Broadway. The village board, under section 46 of the State Highway Law, adopted necessary ordinances to authorize, construct and pay for additional work consisting of surfacing the space between the State portion and the curb, the curbs, gutters, catch basins and storm water sewer drainage deemed essential to conform the village street with the State highway. As a part of this additional work, a fifteen-inch sewer drain was carried across certain private lands for a distance of about 300 feet, the end of which was inserted in the upper part of a manhole or leaching basin, also on private property and which had originally been built and constructed with private funds. This manhole or leaching basin was about four feet square and some ten feet in depth, built of concrete with loose boards across the top to form a cover. Through the bottom of this manhole there extended an eight-inch drainage tile, access to which was had through a riser or "T" extending upwards about two and one-half feet, and protected by a screen. This eight-inch drain had been built in 1889 by the then owners for the purpose of draining the premises presently owned and occupied by the claimants herein. These premises were so situated as to form a natural basin of approximately five acres in area, surrounded entirely by high ground, and at one time was locally referred to as "The Pond." Surface water accumulated in this depressed area during the wet season. The drain, however, carried off the water, and the soil became available for cultivation and general use.

In the late summer of 1937 the drain failed and waters began to accumulate in this area, destroying the crops. This accumulation persisted, and in 1938 and in the early summer of 1939 had reached such a condition that it was deemed a public health menace by the local health board, which took action leading to its drainage. During this work a stoppage was discovered near the outlet caused by a broken tile. This was about 1,900 feet from the manhole in which the fifteen-inch storm water sewer tile had been inserted. Upon repair of the broken tile and removal of the debris at the point of breakage, the water drained off.

The claimants owned, respectively, a portion of the premises within "The Pond" area, and have each suffered damages in the

manner and to the extent found in the decision by reason of the water accumulation during the years 1937, 1938 and 1939. The claims were tried together on the theory that the manner in which the fifteen-inch storm water sewer was connected to the manhole or leaching basin of the eight-inch sewer constituted (a) an appropriation of the drainage system by the State and it thereby became responsible for its control, maintenance and repair, or that the act of the State, if not an appropriation, constituted (b) a trespass, or if these fail, (c) it created a nuisance. To recover, one or more of these contentions must be answered in the affirmative. This court, however, finds that the claimants have failed to meet the burden of proof imposed upon them.

The State did nothing affirmative in connection with the reconstruction of United States Highway Route 9 through the village of Red Hook, outside of the limits of the highway, until such time as it had been requested to do so by the village authorities, and then only pursuant to the statute applicable thereto. (§ 46.) By the provisions of this section the State's liability for maintenance, operation and control is limited to that portion embraced within the limits of the highway. (§ 58.) In the absence of clear proof that the part built at the request of the village, approved by it and paid for pursuant to section 46, forms a portion of the highway within the definition and meaning of section 58, there can be no recovery against the State. The State can be held liable only under those circumstances authorized by statute or those situations where it has waived immunity for the acts of its officers and employees within the clear meaning of section 12-a of the Court of Claims Act. The Highway Law specifically limits liability, and this is not one of the causes of action authorized to be brought under section 12-a.

The claimants having failed to establish a cause of action, the within claims must each be dismissed upon the merits.

BARRETT, P. J., concurs.